IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

STEPHANIE BRESSAN,

Plaintiff,

v.   No. 17-0976-DRH

SYNCHRONY BANK; and
OLD NAVY, LLC,

Defendants.

## MEMORANDUM and ORDER

**HERNDON, District Judge:**

Pending before the Court is defendants' motion to stay proceedings (Doc. 15). Defendants ask the Court to stay these proceedings until the decision in the consolidated appeal pending before the D.C. Circuit Court of Appeals in *ACA International v. Federal Communications Commission*, Case No. 15-1211. Defendants contend that the D.C. Circuit's decision regarding the FCC's interpretation of the term "automatic telephone dialing system" will materially affect Bressan's claims in this action. Bressan opposes the motion to stay arguing that the issues in *ACA Int'l* are not the issues that will determine the outcome of the case at hand (Doc. 19). Based on the following, the Court **GRANTS in part** the motion to stay.

A movant does not have an absolute right to a stay. Instead, the movant bears the burden of proof to show that the Court should exercise its discretion in staying the case. *Indiana State Police Pension Trust v. Chrysler, LLC*, — U.S.—,

129 S. Ct. 2275, 2277 (2009). "District Courts have wide discretion in adjudicating declaratory judgment actions and motions to stay proceedings." *Northfield Ins. Co. v. City of Waukegan*, 701 F.3d 1124, 1134 (7th Cir. 2012). "The power to stay a case is 'incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Texas Indep. Producers & Royalty Owners Ass'n v. E.P.A.*, 410 F.3d 964. 980 (7th Cir. 2005) (citing *Landis v. North American Co.*, 299 U.S. 248, 254 (1936)). In considering a motion for stay, courts consider both the interest of judicial economy and the potential prejudice or hardship to the parties. *Landis*, 299 U.S. at 255.

Here, the Court finds that the D.C. Circuit's decision may narrow the issues and may assist in the determination of the law involved. Thus, a brief stay will serve to conserve the resources of the parties and the Court. Further, as the D.C. Circuit heard oral argument in October 2016, the Court expects that a decision will be entered soon and that a brief stay will not significantly prejudice Bressan.

Accordingly, the Court **GRANTS in part** the motion to stay (Doc. 15) and **STAYS** this matter until **January 15, 2018**.

**IT IS SO ORDERED.**

Digitally signed by Judge David R. Herndon
Date: 2017.11.17 11:31:07 -06'00'

**United States District Judge**